UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'08 CIV 4714

-------------------------------------------------x

E. MISHAN & SONS, INC.,

                Plaintiff,

         v.

MAX SALES, INC. and DR. LEONARD'S
HEALTHCARE CORP.,

                Defendants.

-------------------------------------------------x

Civil Action No.

COMPLAINT



Plaintiff, by its attorneys, NOTARO & MICHALOS P.C., for its complaint against defendants, alleges as follows:

## PARTIES

1.    Plaintiff, E. Mishan & Sons, Inc. ("Emson"), is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 230 Fifth Avenue, New York, New York 10001.

2.    Defendant, Max Sales, Inc. ("Max Sales"), upon information and belief, is a corporation whose state of incorporation is not presently known, with its principal place of business at 11724 Willake Street, Santa Fe Spring, California 90670.

3.    Defendant, Dr. Leonard's Healthcare Corp. ("Dr. Leonard's"), upon information and belief, is a Delaware corporation, with its principal place of business at 100 Nixon Lane, Edison, New Jersey.

## JURISDICTION

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a) in that this is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. and for trade dress infringement and unfair competition arising under the Trademark Act, 15 U.S.C. § 1125 and for common law unfair competition.    This Court has supplemental jurisdiction over the claims in this complaint which arise the common law of the State of New York pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.    Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(a).

4.    Upon information and belief, the defendants transact business within this district and have committed tortious acts complained of hereinafter within this district, derive substantial revenue from intrastate and interstate commerce and have committed tortious acts within this district and without this district having injurious consequences within this district, and defendants are otherwise within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

5.    Emson is the owner of copyright user instructions for its Bell & Howell Ionic

2

Whisper, a portable air purifier for consumer home use. A copy of the instructions are attached hereto as Exhibit A.

6.    Emson also owns a copyright in the packaging artwork and text on the printed box in which it markets the Ionic Whisper air purifier. Pictures of the printed box are attached hereto as Exhibit B.

7.    The printed box for Ionic Whisper air purifier, marketed by plaintiff Emson, has a distinctive and recognizable packaging trade dress comprising that includes, in combination, an elongated vertical rectangular box with identical front and back main panels, a picture of the silver and black air purifier on the right side of each main panel, the words "Enjoy Cleaner, Fresher Air!" printed in white on a solid blue rectangular background at the top of the front and back main panel, the name Ionic Whisper arranged with the word "Ionic" above the word "Whisper," the tag line "Air Purifier and Ionizer" below the word "Whisper" at the upper left of the panels, and the words "Clean Air with Ionization" printed at the lower left side of the front and back main panels followed by three bullet points referring to speed, filter and cost, in turn, followed by a table headed "Removes Pollutants". An outdoor scene in the form of snow covered mountain peaks provides background on the printed front and back panels. The Ionic Whisper packaging trade dress also includes sides identical side panels, printed from top to bottom, with the tag line "Enjoy Cleaner, Fresher Air!" at the top of the side panels followed by the words Ionic Whisper, the statement: Ionic Whisper is energy efficient, it only consumes up to 7 Watts of

power and effectively covers up to 300 square feet," followed by a picture of the silver and back air purifier and followed by four paragraphs, each headed, "Clean Air With Ionization," "Whisper Silent Operation," "Turbo Operation" and "Never Needs Replacement Filters".

8.    The Ionic Whisper air purifier has a distinctive and recognizable product trade dress comprising an arbitrary, distinctively-shaped body having a nonfunctional silver and black color, the silver portion of the body being located along part of the front the air purifier and including a grill, the product having black along the bottom end and sides,  and a silver knob located within a distinctively-shaped cutout in the black area below the silver below the silver portion at the front of the unit. Photographs of plaintiff's Ionic Whisper air purifier are attached hereto as Exhibit C.

9.    The appearance of the Ionic Whisper air purifiers marketed by plaintiff has acquired secondary meaning in the United States.

10.   The packaging and product trade dresses of the Ionic Whisper air purifier set the packaging and Ionic Whisper air purifier product apart from other air purifiers, the trade dresses are not required to compete in the air purifier market and allow the purchasing public to recognize, identify and distinguish plaintiff's packaging air purifier product as product emanating from the plaintiff Emson.

11.   Emson owns a United States Copyright Registration entitled "Ionic Whisper - User

4

Instructions" registration number TX 6-834-693 of January 10, 2008, a copy of which is annexed hereto as Exhibit D.

12.    Emson is the sole proprietor of all rights, title and interest in and to the copyrighted Ionic Whisper user instructions as evidenced by copyright registration TX 6-834-693.

13.    Emson also owns a United States Copyright Registration entitled "Ionic Whisper - Printed Box" registration number VA 1-624-813 of January 10, 2008, a copy of which is annexed hereto as Exhibit E.

14.    Emson is the sole proprietor of all rights, title and interest in and to the copyrighted Ionic Whisper printed box artwork and text as evidenced by copyright registration VA 1-624-813.

15.    Upon information and belief, defendant Max Sales directly or indirectly copied, caused or authorized the manufacture or has manufactured, imported, published, displayed, offered for sale, sold and distributed a competing air purifier dubbed "Ionic Air" with user instructions and packaging text that are identical and/or strikingly similar to, or substantially similar to, the Emson's user instructions and packaging text.

16.    Upon information and belief, defendant Dr. Leonard's has displayed, offered for

5

sale, sold and distributed the Ionic Air air purifier with user instructions and packaging text that are identical and/or strikingly similar to, or substantially similar to, the Emson's user instructions and packaging text.

17. Upon information and belief, defendant Dr. Leonard's is engaged in the business of selling the Ionic Air air purifier through its website, www.drleonards.com, in interstate commerce, via the Internet to New York purchasers.

18. By its actions alleged herein, the defendants Max Sales and Dr. Leonard's have infringed and willfully continue to infringe plaintiff's copyrights in and related to the "Ionic Whisper - User Instructions" and the "Ionic Whisper - Printed Box" and plaintiff's packaging and product trade dress by deliberately reproducing, manufacturing, marketing, promoting, importing, distributing, and selling a product, which is copied from, and identical and/or substantially similar to, plaintiff's copyrighted user instructions and printed box artwork and text.

## COUNT I - INFRINGEMENT OF TX 6-834-693

19. Count I is for copyright infringement arising under the copyright law of the United States, 17 U.S.C. § 101.

20. Plaintiff Emson repeats and realleges the allegations set forth in paragraph 1

6

through 19 of the complaint as if fully set forth herein.

21.    Upon information and belief, defendants Max Sales and Dr. Leonard's have infringed and are now infringing plaintiff's copyright, by directly or indirectly, copying, causing or authorizing the manufacture, manufacturing, importing, publishing and displaying, without plaintiff's consent, user instructions that are identical, strikingly similar to, or substantially similar to, and infringing the plaintiff's copyrighted user instructions protected by Copyright Registration TX 6-834-693.

22.    All of the acts of the defendants Max Sales and Dr. Leonard's were and are without permission, license or consent of plaintiff, plaintiff has been damaged by the defendant's acts in an amount as yet unknown and the defendants' acts irreparably injure the plaintiff.

## COUNT II - INFRINGEMENT OF VA 1-624-813

23.    Count II is for copyright infringement arising under the copyright law of the United States, 17 U.S.C. § 101.

24.    Plaintiff Emson repeats and realleges the allegations set forth in paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.    Upon information and belief, defendants Max Sales and Dr. Leonard's have infringed and are now infringing plaintiff's copyright, by directly or indirectly,

7

copying, causing or authorizing the manufacture, manufacturing, importing, publishing and displaying, without plaintiff's consent, printed boxes that are identical, strikingly similar to, or substantially similar to, and infringing the plaintiff's copyrighted printed boxes protected by Copyright Registration VA 1-624-813.

26.   All of the acts of the defendants Max Sales and Dr. Leonard's were and are without permission, license or consent of plaintiff, plaintiff has been damaged by the defendant's acts in an amount as yet unknown and the defendant's acts irreparably injure the plaintiff.

## COUNT III - PACKAGING TRADE DRESS INFRINGEMENT

27.   Count III is an action for trade dress infringement, and unfair competition, arising under the trademark laws of the United States, 15 U.S.C. § 1125.

28.   Plaintiff Emson repeats and realleges the allegations set forth in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.   The appearance of the packaging of Ionic Air purifier marketed and sold by the defendants so resembles the packaging trade dress of the Ionic Whisper as likely to cause the purchasing public to be confused, mistaken or deceived into a belief that defendant is licensed by or otherwise associated with the plaintiff, or that the air purifier sold by the defendants are the same as the Ionic Whisper air purifier, or under the control of, sponsored by, or regulated by plaintiff whereas, in fact, the

foregoing is untrue.

30.   The appearance of the air purifier packaging being sold by defendants so resembles the trade dress of plaintiff's Ionic Whisper air purifier packaging as likely to cause the purchasing public to be confused, mistaken or deceived into a belief that defendant is licensed by or otherwise associated with the plaintiff, or that the air purifier sold by the defendants are the same as the Ionic Whisper air purifier, or under the control of, sponsored by, or regulated by plaintiff whereas, in fact, the foregoing is untrue.

31.   This offer for sale and sale of air purifiers by defendants with packaging substantially identical with or confusingly similar to that of plaintiff's air purifiers, constitutes trade dress infringement and unfair competition.

32.   All of the defendants' acts are without permission, license or consent of plaintiff.

33.   Plaintiff has been damaged by the defendants' acts in an amount as yet unknown, plaintiff will be irreparably damaged by the continued acts of the defendants unless defendants are enjoined and plaintiff has no adequate remedy at law.

## COUNT IV - PRODUCT TRADE DRESS INFRINGEMENT

34.   Count VI is an action for trade dress infringement and unfair competition arising under the trademark laws of the United States, 15 U.S.C. § 1125.

9

35.    Plaintiff Emson repeats and realleges the allegations set forth in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.    The appearance of the packaging of the Ionic Air purifier marketed and sold by the defendants so resembles the packaging trade dress of the Ionic Whisper as to be likely to cause the purchasing public to be confused, mistaken or deceived into a belief that defendant is licensed by or otherwise associated with the plaintiff, or that the air purifier sold by the defendants are the same as the Ionic Whisper air purifier, or under the control of, sponsored by, or regulated by plaintiff whereas, in fact, the foregoing is untrue.

37.    The appearance of the air purifier being sold by defendants so resembles the trade dress of plaintiff's Ionic Whisper air purifier as to be likely to cause the purchasing public to be confused, mistaken or deceived into a belief that defendant is licensed by or otherwise associated with the plaintiff, or that the air purifier sold by the defendants are the same as the Ionic Whisper air purifier, or under the control of, sponsored by, or regulated by plaintiff whereas, in fact, the foregoing is untrue.

38.    This offer for sale and sale of air purifiers by defendants with product trade dress, substantially identical with or confusingly similar to that of plaintiff's air purifiers, constitutes trade dress infringement and unfair competition.

39.    All of the defendants' acts are without permission, license or consent of plaintiff.

10

40. Plaintiff has been damaged by the defendants' acts in an amount as yet unknown, plaintiff will be irreparably damaged by the continued acts of the defendants unless defendants are enjoined and plaintiff has no adequate remedy at law.

## COUNT V - UNFAIR COMPETITION

41. Count V is an action for unfair competition under the common law of the State of New York.

42. Plaintiff Emson repeats and realleges the allegations set forth in paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. Plaintiff has been damaged by the defendants' acts in an amount as yet unknown, plaintiff will be irreparably damaged by the continued acts of the defendants unless defendants are enjoined and plaintiff has no adequate remedy at law.

**WHEREFORE**, plaintiff prays for the following relief:

A. That defendants Max Sales and Dr. Leonard's, their agents, officers, servants, employees, successors and/or assigns, and all persons or companies in active concert and/or participation with them, be preliminarily and permanently enjoined from:

(1) reproducing, making, reprinting, publishing, displaying,

11

manufacturing, advertising, distributing and/or commercially exploiting in any manner, either directly or indirectly, user instructions or printed boxes or other articles which embody plaintiff's user instructions or printed box  or any user instructions or printed box substantially similar thereto; and

(2) using, selling, offering for sale, displaying, promoting, advertising, marketing, distributing and/or reproducing packaging and/or air purifiers resembling plaintiff's packaging product trade dresses, or any other trade dress which simulates, imitates, is confusingly similar to or likely to be confused with plaintiff's trade dress, or which deceives, tends to deceive, falsely describes, tends to falsely describe, misrepresents its source and/or otherwise creates confusion as to the source of the origin of such goods;

(3) aiding, abetting or in any way assisting any other person in engaging or performing any of the activities referred to in paragraph A(1) and A(2) above; and

(4) selling, passing off, or inducing or enabling others to sell or pass off any air purifiers not sold by plaintiff, or either of them.

B.    That plaintiff Emson be entitled to recover (a) all damages suffered by Emson as a result of defendants' infringing acts, and (b) all profits derived from defendants' wrongful acts in an amount to be determined at the trial of this action.

C.    That defendant Max Sales be directed to (a) recall from defendants Max

Sales' customers and (b) deliver to Emson for destruction all user instructions, printed boxes and product which, if sold, distributed or used in any way would violate paragraph A above.

D.    An accounting of all profits realized by the defendants as a consequence of their unlawful acts and infringements alleged herein, and that the amount of profits realized by defendants by reason of their unlawful acts be increased to a sum not exceeding three times the amount thereof, as provided by law.

E.    Damages in the full amount plaintiff has sustained as a consequence of defendants' acts, together with any and all profits of defendants which are attributable to, or arise out of or from such wrongful acts and infringements, trebled where provided by law.

F.    All costs, disbursements and reasonable attorneys fees incurred by the plaintiffs.

G.    Such other and further relief as the Court may deem just and equitable in the circumstances.

Dated: May 20, 2008

Plaintiff
By and Through Its Attorneys,

_Angelo Notaro_
Angelo Notaro (AN1306)
John Zaccaria (JZ3157)
NOTARO & MICHALOS P.C.
1270 Broadway, Suite 807
New York, NY  10001-3224
(212) 278-8600

**PLAINTIFF HEREBY CLAIMS ITS RIGHT TO TRIAL BY JURY**

# EXHIBIT A

# BELL⊕HOWELL® Ionizer

Bell+Howell Ionizer is a specially designed compact unit with the power of an ionizer more than twice its size. It operates using negative ions that pull in polluted air, trap contaminants, and release clean, healthy air. This Ionizer is energy efficient, it only consumes up to 7 Watts of power and effectively covers up to 300 square feet. There are no expensive filters to replace, the collection grid filters the air by trapping airborne particles, pollutants and allergens that are in the air. Compact design is perfect for desk or shelf.

## OPERATING YOUR IONIZER

1. For best air circulation, make sure that the Ionizer is at least 1 ft. away from wall or any large objects. Place the unit on a desk, table or shelf.

2. Before connecting the unit, make sure that the **Collection Grid** is inserted properly.

3. Press on the **Tab** with thumb to open and pull out the **Collection Grid** starting at the top. See **Illustration A + B.**

To insert the **Grid** back in, **first**, slide down the bottom part of **Collection Grid** into the ionizer. See **Illustration B.** Then, push in the top of the **Collection Grid** to lock it in place. See **Illustration A.** **KEEP FINGERS AWAY FROM THE SHARP SURFACES.**

4. Insert the power cord into the back of the unit first, then plug the adapter (included) into the electric outlet.
**Note:** AC Adaptor Power Supply: 120V, output power: 12V
Now you are ready to operate the Ionizer.

5. Turn the Switch to **Whisper** or **Turbo** position. See **Illustration B.**
**Whisper Quiet™ Operation** Operates using negative ions that pull in polluted air, trap contaminants, and release clean, healthy air.
**Turbo Operation** - Use it to eliminate strong odors fast. It uses the same technique as the Whisper Quiet™ Operation, with the addition of a Built-in Fan, which increases air circulation therefore making the Purifier more effective.

ITEM#: 7842
©Copyright 2006 EMSON® Printed in China.



**PRESS ON TAB TO OPEN**
OPEN

**ILLUSTRATION A**



FIRST

**COLLECTION GRID**

**WHISPER**
**OFF**
**TURBO**
**SWITCH**

**ILLUSTRATION B**



CLEANING THE COLLECTION GRID

**ILLUSTRATION C**

## CLEANING

**Note:** After extended use of the Ionizer, it's Collection Grid needs to be cleaned. Clean it at least once a month, or more often depending on the area where the unit is placed.

1. Make sure to unplug the unit from electrical outlet.

2. Remove the **Collection Grid** out, press on the **Tab** with thumb to open and pull out the **Grid** starting at the top. See **Illustration A + B.**

3. Using the damp cloth, wipe the dust off. See **Illustration C. KEEP FINGERS AWAY FROM THE SHARP SURFACES.**
Do not use any cleaning solution to wet the cloth, use **WATER ONLY.** Make sure that the **Collection Grid** is not wet before inserting it back in. Wipe dry if there is any water remaining on the grid, or just air dry until it is completely dry.

4. Place the **Collection Grid** back inside the unit. To insert the **Grid** back in, **first**, slide down the bottom part of **Collection Grid** into the ionizer. See **Illustration B.** Then, push in the top of the **Collection Grid** to lock it in place. See **Illustration A.**

5. Plug the Ionizer back into the electrical outlet. Turn the unit on by moving the dial from the **OFF** position to **Whisper** or **Turbo** positions. See **Illustration B.**

## WARNING

- THE UNIT IS FOR INDOOR USE ONLY.

- KEEP THE UNIT AWAY FROM WATER.

- DUE TO THE RISK OF ELECTRIC SHOCK, DO NOT PLACE IONIZER IN BATHROOM OR ANY OTHER AREA WHERE IT MAY COME IN DIRECT CONTACT WITH WATER.

- DO NOT MODIFY OR TAMPER WITH THE INTERNAL COMPONENTS OF THE UNIT. CONTACT A QUALIFIED SPECIALIST FOR ANY REPAIRS.

CUSTOMER SERVICE: 1-800-423-4248

# EXHIBIT B



# Enjoy Cleaner, Fresher Air!

## BELL⊕HOWELL

# Ionic
# Whisper

### Air Purifier and Ionizer

# Clean Air with
# Ionization

- **2 Speed Operation:**
  Whisper Silent* and Turbo
- **Built-in Permanent Filter,**
  **Never Needs Replacement**
- **Cost Pennies a Day to Run**

### Removes Pollutants:

| | | |
|---|---|---|
| Dust | Fumes | Fungus |
| Pollen | Odors | Mildew |
| Pet Dander | Smoke | Soot & Mold |

Includes AC Adapter    Measures 12 inches tall

BELL HOWELL



# EXHIBIT C



# EXHIBIT D



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**TX 6-834-693**

**Effective date of registration:**

January 10, 2008

## Title

**Title of Work:** IONIC WHISPER - USER INSTRUCTIONS

## Completion/Publication

**Year of Completion:** 2006

**Date of 1st Publication:** April 12, 2006    **Nation of 1st Publication:** United States

## Author

**■    Author:** E. MISHAN & SONS, INC.

**Author Created:** Text and Graphics

**Work made for hire:** Yes

**Domiciled in:** United States

**Anonymous:** No    **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** E. Mishan & Sons, Inc.

230 Fifth Avenue, New York, New York 10001

## Limitation of copyright claim

**Previously registered:** No

## Certification

**Name:** Steven Mishan, authorized agent of E. Mishan & Sons, Inc.

**Date:** December 27, 2007

# EXHIBIT E



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

# VA 1-624-813

**Effective date of
registration:**

January 10, 2008

## Title

| | |
|---|---|
| **Title of Work:** | Ionic Whisper — Printed Box |
| **Nature of Work:** | Printed Box Artwork and Text |

## Completion/ Publication

| | |
|---|---|
| **Year of Completion:** | 2006 |
| **Date of 1st Publication:** | May 25, 2006 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| ■ **Author:** | Richard Greene |
| **Author Created:** | Photograph |
| **Work made for hire:** | No |
| **Domiciled in:** | United States |
| **Anonymous:** | No |
| **Pseudonymous:** | No |
| ■ **Author:** | E. Mishan & Sons, Inc. |
| **Author Created:** | 2-Dimensional artwork |
| **Work made for hire:** | Yes |
| **Anonymous:** | No |
| **Pseudonymous:** | No |

## Copyright claimant

| | |
|---|---|
| **Copyright Claimant:** | E. Mishan & Sons, Inc. |
| | 230 Fifth Avenue, New York, NY 10001 |
| **Transfer Statement:** | Assignment |

## Limitation of copyright claim

| | |
|---|---|
| **Material excluded from this claim:** | Background clouds and mountains |
| **New material included in claim:** | Artwork, photographs, text and layout |

## Certification

**Name:** Steven Mishan, authorized agent of E. MISHAN & SONS, INC.

**Date:** December 27, 2007