CUCCIO AND CUCCIO, P.C.
Emil S. Cuccio, Esq. (EC4940)
45 Essex Street
Hackensack, NJ 07601
(201) 487-7411
E-mail: escuccio@aol.com
Attorneys for Dr. Leonard's
Healthcare Corp.

**UNITED STATES DISTRICT COURT**  **ELECTRONICALLY FILED**
**SOUTHERN DISTRICT OF NEW YORK**
_____

E. MISHAM & SONS, INC.,              : Civil Action No. 08-CV-4714
                                                      (JGK)(AJP)
                 Plaintiff,          :

         v.                          : **DEFENDANT'S ANSWER AFFIRMATIVE**
                                        **DEFENSES, COUNTERCLAIM AND**
MAX SALES, INC. and                  :          **JURY DEMAND**
DR. LEONARD'S HEALTHCARE CORP.,
                                     :
                 Defendants.    District Judge John G. Koeltl
_____: Magistrate Judge Andrew J. Peck


     Defendant, Dr. Leonard's Healthcare Corp. (hereinafter "Dr. Leonard's" or "Defendant"), through its attorneys, by way of answer to the Plaintiff's Complaint, says:

                              **THE PARTIES**

     1.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and, therefore, denies the same.

     2.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

paragraph 2 of the Complaint and, therefore, denies the same.

3. Defendant admits the allegations set forth in paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

3.[1] Defendant admits that the Plaintiff's claim purports to be an action arising under the copyright and trademark infringement laws of the United States of America, Titles 17 and 15 of the United States Code. Plaintiff's remaining allegations set forth in paragraph 3 of the Complaint are legal conclusions to which no answer is required or made.

4. Defendant admits that it transacts business and derives revenue in this judicial district, but denies the remaining allegations set forth in paragraph 4 of the Complaint.

### FACTUAL ALLEGATIONS

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and, therefore, denies the same.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and, therefore, denies the same.

7. The allegations set forth in paragraph 7 of the Complaint are descriptive of the Plaintiff's packaging and also contain legal

---

[1] The paragraphs contained in Plaintiff's Complaint have been misnumbered and Defendant responds to them using the same numbers.

conclusions to which no answer is required or made.

8. The allegations set forth in paragraph 8 of the Complaint are descriptive of the product referred to and also contain legal conclusions to which no answer is required or made.

9. Defendant denies the allegations set forth in paragraph 9 of the Complaint.

10. Defendant denies the allegations set forth in paragraph 10 of the Complaint.

11. Defendant admits that United States Copyright registration TX6-834-693 was purportedly issued to Plaintiff on January 10, 1008, and that a copy of the registration is annexed to the Complaint as Exhibit D.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and, therefore, denies the same.

13. Defendant admits that United States Copyright registration VA1-624-813 was purportedly issued to Plaintiff on January 10, 2008, and that a copy of the registration is annexed to the Complaint as Exhibit E.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint and, therefore, denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

paragraph 15 of the Complaint and, therefore, denies the same.

16.  Defendant admits that it markets and sells a portable, two-speed home air purifier under the trade name "Ionic Air™ Purifier" that contains user instructions, but denies any other allegations set forth in paragraph 16 of the Complaint.

17.  Defendant admits that it is engaged in the sale of portable home air purifiers to its customers through its website, but denies any liability on account thereof to the Plaintiff.

18.  Defendant denies the allegations set forth in paragraph 18 of the Complaint.

## COUNT I - INFRINGEMENT OF TX6-834-693

19.  The allegations set forth in paragraph 19 of the Complaint are legal conclusions to which no answer is required or made.

20.  Defendant repeats each and every response set forth in paragraphs 1 through 19 of its Answer and incorporates the same herein as if set forth at length.

21.  Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22.  Defendant denies the allegations set forth in paragraph 22 of the Complaint.

## COUNT II - INFRINGEMENT OF VA1-624-813

23.  The allegations set forth in paragraph 23 of the Complaint are legal conclusions to which no answer is required or

made.

24.  Defendant repeats each and every response set forth in paragraphs 1 through 23 of its Answer and incorporates the same herein as if set forth at length.

25.  Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26.  Defendant denies the allegations set forth in paragraph 26 of the Complaint.

### COUNT III – PACKAGING TRADE DRESS INFRINGEMENT

27.  The allegations set forth in paragraph 27 of the Complaint are legal conclusions to which no answer is required or made.

28.  Defendant repeats each and every response set forth in paragraphs 1 through 27 of its Answer and incorporates the same herein as if set forth at length.

29.  Defendant denies the allegations set forth in paragraph 29 of the Complaint.

30.  Defendant denies the allegations set forth in paragraph 30 of the Complaint.

31.  Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32.  Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33.  Defendant denies the allegations set forth in paragraph

33 of the Complaint.

### COUNT IV - PRODUCT TRADE DRESS INFRINGEMENT

34. The allegations set forth in paragraph 24 of the Complaint are legal conclusions to which no answer is required or made.

35. Defendant repeats each and every response set forth in paragraphs 1 through 34 of its Answer and incorporates the same herein as if set forth at length.

36. Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in paragraph 40 of the Complaint.

### COUNT V - UNFAIR COMPETITION

41. The allegations set forth in paragraph 41 of the Complaint are legal conclusions to which no answer is required or made.

42. Defendant repeats each and every response set forth in paragraphs 1 through 41 of its Answer and incorporates the same

herein as if set forth at length.

43. Defendant denies the allegations set forth in paragraph 43 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant does not infringe, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributory, or in any way upon any valid or enforceable claim of the TX6-834-693 or VA1-624-813 copyrights; or upon any valid trade dress or unfair competition claims.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a cause of action or state a claim against the Defendant upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims under the copyrights are barred under the doctrine of prosecution history estoppel by reason of the Plaintiff's failure to enforce the copyrights against numerous users thereof in the marketplace, as they are competing with the Plaintiff in the offering and sale of functionally similar products.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims of trade dress infringement and unfair competition are barred under the doctrine of prosecution history

estoppel by reason of Plaintiff's failure to enforce its claim against numerous users in the marketplace as they are competing with the plaintiff in the offering and sale of functionally similar products.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff of copyright and trade dress infringement, and unfair competition are barred under the doctrine of abandonment, waiver, laches, and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's copyright claims are barred under the fair use doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the copyrights are barred since the works lacked copyrightable subject matter, and are in the public domain.

### EIGHTH AFFIRMATIVE DEFENSE

Without admitting liability, Defendant asserts that any use of the Plaintiff's copyrighted material was "de minimus" and, as such not protectable.

### COUNTERCLAIM

### DECLARATION OF NON-INFRINGEMENT AND INVALIDITY

Defendant, Dr. Leonard's, through its attorneys, by way of counterclaim against the Plaintiff, says:

1. This Counterclaim is brought pursuant to the Declaratory

Judgment Act, 28 U.S.C. Secs. 2201, 2202, and arises under the Copyright and Infringement Laws of the United States of America, Titles 28 and 17 of the United States Code.

2. This Court has jurisdiction over the subject matter of the Counterclaim pursuant to 17 U.S.C., Sec. 101 et seq. and 15 U.S.C. Secs. 1125, 1127.

3. Defendant, Dr. Leonard's, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 100 Nixon Lane, Edison, New Jersey.

4. Upon information and belief, Plaintiff is a New York corporation having its principal place of business at 230 Fifth Avenue, New York, New York, 10001.

5. By virtue of the Complaint filed by the Plaintiff on May 20, 2008, an actual and justiciable controversy exists between Dr. Leonard's and the Plaintiff as to infringement on certain copyrights, trade dress infringement, and unfair competition.

6. Defendant, Dr. Leonard's, does not infringe, induce infringement of, and/or contributorily infringe, and does not infringe upon any valid and enforceable copyright, trade dress or unfair competition claim of the Plaintiff.

7. The TX6-834-693 and VA1-624-813 copyrights are invalid or void for failure to comply with one or more Sections of Title 17 U.S.C. Sec. 101 et seq. and 15 U.S.C. Secs. 1125 and 1127.

## PRAYERS FOR RELIEF

**WHEREFORE**, Defendant, Dr. Leonard's, demands judgment as follows:

1. Dismissing the Plaintiff's Complaint with prejudice.

2. Declaring that Defendant has not infringed, induced infringement of and/or contributorily infringe, and does not infringe upon any valid and enforceable copyright, trade dress, or unfair competition claim of the Plaintiff.

3. Awarding Defendant costs, attorney fees and expenses of suit.

4. Awarding Defendant such further relief as the court deems equitable and just.

## **DEMAND FOR JURY TRIAL**

Defendant, Dr. Leonard's demands a trial by jury on all issues properly triable by a jury in this action with respect to its defenses and counterclaim.

CUCCIO AND CUCCIO, P.C.<br>
Attorneys for Defendant, Dr. Leonard's Healthcare Corp.<br>
<br>
By_____<br>
Emil S. Cuccio (EC4940)

June 6, 2008