UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                        :
E. MISHAN & SONS, INC.,
                                                        :    Civil Action No.:  08 CV 4714 (JGK)
                                    Plaintiff,               ECF CASE
                                                        :
                  -against-                                  **ANSWER**
                                                        :
MAX SALES, INC. and DR. LEONARD'S                            Jury Trial Demanded
HEALTHCARE CORP.,                                       :

                                    Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Defendant, Max Sales, Inc. ("MSI") as and for its Answer to the Complaint of

plaintiff, E. Mishan & Sons, Inc. ("Plaintiff"), alleges as follows:

        1.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained within Paragraph 1 and the first Paragraph 3 of the

Complaint.

        2.      In response to Paragraph 2 of the Complaint, admits that MSI has a

principal place of business at 11724 Willake Street, Santa Fe Spring, California 90670.

        3.      The second Paragraph 3 & Paragraph 4 of the Complaint purport to

describe the nature of the action and the relief sought as well as establish jurisdiction and

venue by *inter alia* citing rules of court.  As such those paragraphs do not constitute

allegations of fact and no response is required.  To the extent that the second Paragraph 3

& Paragraph 4 nevertheless are construed in such a manner that requires a response, MSI

denies knowledge or information sufficient to form a belief as to the truth of allegations

contained therein.  Also, to the extent that the paragraphs are construed as alleging that

MSI committed any tortious act or that Plaintiff is entitled to relief from MSI, such allegations are denied.

4.      Denies knowledge or information sufficient to form a belief as to the allegations contained within Paragraphs 5 & 6 of the Complaint.

5.      In response to Paragraph 7 of the Complaint, respectfully refers the Court to the printed box as this paragraph merely sets forth a description of that printed box.

6.      Denies the allegations contained in Paragraph 8, 9 & 10 of the Complaint.

7.      Denies knowledge ort information sufficient to form a belief as to the allegations set forth in Paragraphs 11, 12, 13 & 14 of the Complaint.

8.      Admits that MSI lawfully sold its Ionic Air, air purifier and ionizer to the consuming public and otherwise denies the remaining allegations contained within Paragraph 15 of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraphs 16 & 17 of the Complaint.

10.     Denies the allegations contained within Paragraph 18 of the Complaint.

## AS AND FOR THE FIRST COUNT

11.     Paragraph 19 purports to indentify the first cause of action asserted in the Complaint such that so response is required.  To the extent that the paragraph 19 is construed as alleging that MSI committed any wrongful act or that Plaintiff is entitled to relief from MSI, such allegations are denied.

12.     In response to Paragraph 20 of the Complaint, repeats and realleges the responses to Paragraphs 1 through 19 of the Complaint as though fully set forth herein.

13.     Denies the allegations contained within Paragraphs 21 & 22 of the Complaint.

## AS AND FOR THE SECOND COUNT

14.     Paragraph 23 purports to indentify the second cause of action asserted in the Complaint such that so response is required.  To the extent that the Paragraph 23 is construed as alleging that MSI committed any wrongful act or that Plaintiff is entitled to relief from MSI, such allegations are denied.

15.     In response to Paragraph 24 of the Complaint, repeats and realleges the responses to Paragraphs 1 through 23 of the Complaint as though fully set forth herein.

16.     Denies the allegations contained within Paragraphs 25 & 26 of the Complaint.

## AS AND FOR THE THIRD COUNT

17.     Paragraph 27 purports to indentify the third cause of action asserted in the Complaint such that so response is required.  To the extent that the Paragraph 27 is construed as alleging that MSI committed any wrongful act or that Plaintiff is entitled to relief from MSI, such allegations are denied.

18.     In response to Paragraph 28 of the Complaint, repeats and realleges the responses to Paragraphs 1 through 27 of the Complaint as though fully set forth herein.

19.     Denies the allegations contained within Paragraphs 29, 30, 31, 32 & 33 of the Complaint.

## AS AND FOR THE FOURTH COUNT

20.     Paragraph 34 purports to indentify the fourth cause of action asserted in the Complaint such that so response is required.  To the extent that the Paragraph 34 is

construed as alleging that MSI committed any wrongful act or that Plaintiff is entitled to relief from MSI, such allegations are denied.

21.    In response to Paragraph 35 of the Complaint, repeats and realleges the responses to Paragraphs 1 through 34 of the Complaint as though fully set forth herein.

22.    Denies the allegations contained within Paragraphs 36, 37, 38, 39 & 40 of the Complaint.

## AS AND FOR THE FIFTH COUNT

23.    Paragraph 41 purports to indentify the fifth cause of action asserted in the Complaint such that so response is required.  To the extent that the Paragraph 41 is construed as alleging that MSI committed any wrongful act or that Plaintiff is entitled to relief from MSI, such allegations are denied.

24.    In response to Paragraph 42 of the Complaint, repeats and realleges the responses to Paragraphs 1 through 41 of the Complaint as though fully set forth herein.

25.    Denies the allegations contained within Paragraph 43 of the Complaint.

## FIRST DEFENSE

26.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

27.    Any conduct on behalf of MSI was done in good faith.

## THIRD DEFENSE

28.    The Complaint is barred as MSI has neither infringed the alleged copyrights nor trade dress of Plaintiff.

## FOURTH DEFENSE

29.     The Complaint is barred in whole or in part by the doctrine of license and/or fair use.

## FIFTH DEFENSE

30.     Plaintiff's damages, if any, are speculative and not recoverable.

## SIXTH DEFENSE

31.     Plaintiff has not sustained, nor is it in imminent peril of sustaining any harm, damage or irreparable damage whatsoever.

## SEVENTH DEFENSE

32.     Plaintiff's claims are barred by the applicable statute of limitations.

## EIGHTH DEFENSE

33.     Plaintiff's claims are barred by the doctrines of abandonment, waiver, laches and estoppel.

## NINTH DEFENSE

34.     Plaintiff's claims are barred by the doctrine of unclean hands.

## TENTH DEFENSE

35.     Plaintiff has failed join necessary and indispensable parties to this action.

## ELEVENTH DEFENSE

36.     Federal law preempts the Fifth causes of action.

## TWELFTH DEFENSE

37.     The alleged trade dress of Plaintiff is neither distinctive nor famous nor has it acquired secondary meaning.

## THIRTEENTH DEFENSE

38.    Plaintiff's registration of its copyrights were obtained through fraud.

## FOURTEENTH DEFENSE

39.    Plaintiff has abandoned their alleged copyrights.

## FIFTEENTH DEFENSE

40.    Plaintiff's copyrights are invalid as the works lack copyrightable subject matter, and are in the public domain.

## SIXTEENTH DEFENSE

41.    Plaintiff's copyrights are invalid as the works lack originality and are copied from other work(s).

## SEVENTEENTH DEFENSE

42.    Plaintiff's copyrights are invalid as Plaintiff has failed to comply with the notice requirement of Copyright Act.

## EIGHTEENTH DEFENSE

43.    Plaintiff failed to register its copyrights within five years of publication.

## NINTEENTH DEFENSE

44.    The Court lacks personal jurisdiction over MSI.

## TWENTIETH DEFENSE

45.    The Complaint does not describe any liability allegedly attributable to MSI with sufficient particularity to enable MSI to determine what other or additional defenses it may have in response to the Complaint.  MSI, therefore reserves the right to assert all other defenses which may be pertinent to the Complaint. MSI also incorporates

by reference any and all defenses asserted by other defendant(s) in this action to the full

extent that such defenses may here apply to MSI.

      **WHEREFORE**, defendant Max Sale, Inc. demands judgment:

      a.  Dismissing the Complaint with prejudice;

      b.  Awarding to defendant its costs and disbursements;

      c.  Awarding to defendant its attorneys' fees and expenses of litigation;

      and

      d.  Granting such other and further relief as may be just and proper.

Dated: New York, New York
      June 25, 2008

            Yours, etc.

            **FORD MARRIN ESPOSITO WITMEYER
            &GLESER, L.L.P.**

            By _Alfred L. D'Isernia_
               David A. Beke (DB 3482)
               Alfred L. D'Isernia (AD 9700)

            Wall Street Plaza
            New York New York 10005-1875
            Tel.: (212) 269-4900
            *Attorneys for Defendant Max Sales, Inc.*

166948.1                         7