UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                               :

E. MISHAN & SONS, INC.,                  :

                         Plaintiff,     :

                       : Civil Action No. 08 CV 4714(JGK)(AJP)
                 v.          :

                         :

MAX SALES, INC. and DR. LEONARD'S  :
HEALTHCARE CORP.,               :

                         :

                Defendants.   :
-------------------------------------------------------------x

## **REPORT OF PARTIES PLANNING CONFERENCE**

     The parties submit the following written report, pursuant to Fed. R. Civ. P. 26 (f):

     **1.**    Conference.  On July 10, 2008, counsel for all parties, Angelo Notaro, Esq., attorney for plaintiff E. Mishan & Sons, Inc., Emil S. Cuccio, Esq., attorney for defendant Dr. Leonard's Healthcare Corp., and both David Beke, Esq. and Alfred L. D'Isernia, Esq., attorneys for defendant Max Sales, Inc., conferred by phone.

     The parties jointly propose to the Court the following:

     **2.**    Pleadings. The parties shall have until September 22, 2008 to add additional parties and amend pleadings.

     **3.**    Discovery.

          (1)    Initial disclosures under Fed. R. Civ. P. 26 (a)(1) will be exchanged by August 5, 2008.

          (2)    Discovery will be needed on the following subjects:   the design and creation of the Ionic Air product; the creation, artwork, selection of color schemes, letter styling, photographs, text, arrangement of text,

artwork and photographs, all related to the retail packaging and user instructions for the Ionic Air product; identity of persons responsible and/or involved in the creation of the Ionic Air product; identity of persons responsible and/or involved in the creation and/or printing of the user instructions and retail packaging for the Ionic Air product; access to and knowledge of plaintiff's Ionic Whisper product and packaging; trade channels and customers for defendant's products; manufacture, purchase, import, distribution, marketing and sales of the Ionic Air product; customer orders received by or for defendants for the Ionic Air product; sales, revenues, unit sales, selling price of Ionic Air product; costs and expenses incurred by defendants from manufacture, importation and sale of the Ionic Air product; defendants' profits from sales of the Ionic Air product; advertisements for the Ionic Air product; cost of advertisements;  complaints, cancelled orders, returns received by or for defendants for the Ionic Air product; evidence regarding the date on which defendants first began selling the Ionic Air product; all communications between defendants and others concerning the Ionic Air product, the user instructions and retail packaging for the Ionic Air product, plaintiff and/or the Ionic Air product; defendants' disposition of the Ionic Air product, user instructions and retail packaging of the Ionic Air product; all inquiries received or sent by defendants concerning the Ionic Air product; all instances of consumer confusion between the Ionic Whisper product

and the Ionic Air product; identity of each and every entity, person or business reselling the Ionic Air product; any and all evidence supporting or disputing defendant's allegations in its counterclaims.

Defendant, Max Sales, Inc. will require discovery on the following subjects:  the design of Ionic Whisper; the design of packaging of Ionic Whisper; the manufacturing, distribution and sale of the Ionic Whisper; the advertising, marketing and promotion of the Ionic Whisper; the market share of the Ionic Whisper; the registration of the copyrights at issue ("Ionic Whisper – User Instructions," Reg. No. TX 6-834-693 & "Ionic Whisper – Printed Box" Reg. No. VA 1-624-813); the publication of the copyrights at issue; any licensing of copyrights at issue; the conceptualization of copyrights at issue; Plaintiff's alleged damages; plaintiff's allegation of market confusion concerning the Ionic Whisper and Ionic Air.

The parties reserve the right to supplement these categories of discovery based on the course of and information received from future discovery.

(3)    The number of interrogatories and requests for admissions, the dates for responses thereto and depositions shall be in accordance with the Federal Rules of Civil Procedure unless otherwise agreed by the parties.

(4)     All fact discovery will be completed by February 23, 2009.

(5)     Written reports from retained experts will be exchanged under Fed. R.

Civ. P. 26 (a)(2) on March 23, 2009.

(6)     Rebuttal expert reports will be due on April 6, 2009.

(7)     Expert depositions shall be completed by May 6, 2009.

**4.**     <u>Dispositive Motions</u>.  Dispositive motions will be served and filed by June

8, 2009.

**5.**     <u>Trial</u>.

(1)     A joint pretrial order shall be filed by June 15, 2009.  In the event a

dispositive motion is made, the dates for submitting the joint pretrial

order shall be changed from that shown herein to two (2) weeks

from entry of the court's ruling on the motion. The requirements for

the pretrial order and other pretrial submission shall be governed by

the Court's Individual Rules of Practice.

(2)     Trial briefs, motions in limine, proposed joint jury instructions and

voir dire questions shall be filed within thirty (30) days of the filing

date of the joint pre-trial order.

(3) A final pretrial conference will be held on _____.

**6.**     <u>Settlement</u>.  Plaintiff will need discovery from defendants to reasonably

discuss settlement.

**7.**     <u>Other Matters</u>.  A stipulation and proposed order for protecting confidential

information will be prepared and submitted to the Court.

Dated: July 15, 2008                    By:    /s/ Angelo Notaro
                                               Angelo Notaro (AN-1306)
                                               John Zaccaria (JZ-3157)
                                               NOTARO & MICHALOS P.C.
                                               100 Dutch Hill Road, Suite 110
                                               Orangeburg, New York 10962
                                               (845) 359-7700
                                               Attorneys for Plaintiff
                                               E. Mishan & Sons, Inc.


Dated: July 15, 2008                    By:    /s/David A. Beke/Alfred D'Isernia
                                               David A. Beke (DB 3482)
                                               Alfred L. D'Isernia (AD 9700)
                                               FORD MARRIN ESPOSITO
                                               WITMEYER & GLESER, L.L.P
                                               Wall Street Plaza
                                               New York, New York 10005-1875
                                               (212) 269-4900
                                               Attorney for Defendant
                                               Max Sales, Inc.


Dated: July 15, 2008                    By:    /s/ Emil S. Cuccio
                                               Emil S. Cuccio (EC4940)
                                               CUCCIO AND CUCCIO, P.C.
                                               45 Essex Street
                                               Hackensack, New Jersey 07601
                                               (201) 487-7411
                                               Attorney for Defendant
                                               Dr. Leonard's Healthcare Corp.


J137-1098                      5